**DAPEER ROSENBLIT LITVAK, LLP**
William Litvak
CA State Bar No. 90533
11500 W. Olympic Blvd. Suite 550
Los Angeles, California 90064
Tel.: (310) 477-5575
Fax: (310) 477-7090
Email: wlitvak@drllaw.com

**SHAMIS & GENTILE, P.A.**
Garrett O. Berg, Esq. (*pro hac vice forthcoming*)
FL State Bar No. 1000427
14 NE 1st Avenue, Suite 1205
Miami, Florida 33132
Tel: (305) 479-2299
Email:gberg@shamisgentile.com

**KOZONIS & KLINGER, LTD.**
Gary M. Klinger (*pro hac vice forthcoming*)
227 W. Monroe St., Ste. 2100
Chicago, IL 60606
Tel: (312) 283-3814
Email: gklinger@kozonislaw.com

*Counsel for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRIAN SMALL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>PAYPRO, USA, INC. D/B/A PAYPRO ADMINISTRATORS, California Corporation,<br><br>*Defendant*. | Case No. 5:20-CV-00553<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF 29 U.S.C. § 1166(A) AND 29 U.S.C. § 2590.606 (COBRA)**<br><br><br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.      Plaintiff, Dedrian Small ("Plainitff"), brings this action against Defendant, PayPro, USA, Inc. D/B/A PayPro ("Defendant") alleging Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide her with a COBRA notice that complies with the law.

2.      Despite having access to the Department of Labor's Model COBRA form, Defendant chose not to use the model form which contains all information required by law in a single notice written in a manner calculated to be understood by the average plan participant. A copy of the Model Form is attached as Exhibit A.

3.      The deficient COBRA notice at issue in this lawsuit both confused and misled Plaintiff. It also caused Plaintiff economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

4.      Defendant, the plan administrator of the Loot Crate Inc. group health plan (the "Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

5.      Simply put, Defendant's COBRA notice and process violates the law.

Rather than including all information required by law in a single notice "written in a manner calculated to be understood by the average plan participant," Defendant's COBRA notification process instead offers only part of the legally required information.

6.     For example, Defendant's unlabeled "COBRA Enrollment Notice," dated August 26, 2019, and attached as Exhibit B, violates 29 C.F.R. §§ 2590.606-4(b)(4)(iii) and 4(b)(4)(iv) because the notice *itself* never actually explains how to enroll dependents in COBRA.

7.     Additionally, Defendant's COBRA enrollment notice violates § 2590.606-4(b)(4)(xi) because while it appears that it is providing information about the amount due to continue coverage for all qualified beneficiaries under Defendant's Plan, in fact, it only provides information related to the former employee. It also violates § 2590.606-4(b)(4)(xii) because it fails to provide an explanation of the consequences of delayed payment.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

9.     Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Additionally, ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the breach at issue took place in this District,

CLASS ACTION COMPLAINT

venue is also proper.

10.    Plaintiff is domiciled and resides in Los Angeles County, California and is a citizen of the State of California. Plaintiff is a former employee of Loot Crate Inc. Plaintiff was covered based on her health plan through Loot Crate Inc. Plaintiff was thus a participant/beneficiary in the Plan before her termination on August 9, 2019 which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering her a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3). Importantly, Plaintiff was not terminated for gross misconduct.

11.    Defendant is a corporation with its headquarters in Riverside, California and is registered to do business in the State of California. Loot Crate Inc., the sponsor under the Plan within the meaning of 29 U.S.C. §1002(16)(B), employed more than 20 employees who were members of the Plan in each year from 2013 to 2019.   Defendant is the Plan administrator within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### COBRA Notice Requirements

12.    The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

13.     Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "**each** qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161. (Emphasis added).

14.     Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

15.     Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

16.     COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

17.     The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 as follows:

(4)  The notice required by this paragraph (b) shall be written in

a manner calculated to be understood by the average plan participant and shall contain the following information:

(i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

(ii) Identification of the qualifying event;

(iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the

CLASS ACTION COMPLAINT

qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v)  An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii)  A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either

by providing a description of the coverage or by reference to the plan's summary plan description;

(viii)  An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of

a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii)  A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii)  An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv)  A statement that the notice does not fully describe

CLASS ACTION COMPLAINT

continuation coverage or other rights under the plan, and

that more complete information regarding such rights is

available in the plan's summary plan description or from

the plan administrator.

18.     To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. It is attached hereto as Exhibit A.

19.     In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).  Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

**Defendant's Notice Is Inadequate and Fails to Comply with COBRA**

20.     Defendant partially adhered to the Model Notice provided by the

Secretary of Labor, but critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Defendant authored and disseminated a notice deviating from the model form in violation of COBRA's requirements which failed to provide Plaintiff notice of all required coverage information, as explained further below. A copy of Defendant's first notice is attached hereto as Exhibit B. Among other things:

a.   **Defendant's COBRA enrollment notice, attached as Exhibit B, violates 29 C.F.R. § 2590.606-4(b)(4)(xi) because the notice fails to provide the amount that each qualified beneficiary will be required to pay for continuation coverage;**

b.   **Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide what consequences, if any, would result from a delayed payment;**

c.   **Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information. There is no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified**

beneficiary could obtain more information;

d.  **Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(iii) because it fails to provide a description by status or name of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage; and, finally,**

e.  **Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.**

21.  Defendant's COBRA notice confused Plaintiff and resulted in her inability to make an informed decision as to electing COBRA continuation coverage. In fact, Plaintiff attempted, and thought that she had elected COBRA for herself and her three dependents.

22.  However, Plaintiff learned, after incurring medical bills for herself and her family, that Defendant did not process her COBRA because although she paid exactly the premiums listed on the Notice, the premiums did not include coverage for her dependents in violation of the law.

23.  As a result, Plaintiff could not make an informed decision about her health insurance and lost health coverage.

### *Plaintiff's First Concrete Injury: Informational Injury*

24.  Furthermore, Defendant's deficient COBRA notice caused Plaintiff an

informational injury when Defendant failed to provide her with information to which he was entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Defendant injured Plaintiff and the class members she seeks to represent by failing to provide all information in its notice required by COBRA.

### Plaintiff's Second Concrete Injury: Loss of Insurance Coverage

25.    Besides the informational injury suffered, Plaintiff also suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage for her and her family and incurred medical bills, due to Defendant's deficient COBRA election notice. Besides a paycheck, insurance is one of the most valuable things employees get in exchange for working for an employer. Insurance coverage has a monetary value, the loss of which is a tangible and an economic injury.

### Plaintiff Dedrian Small

26.    Plaintiff Dedrian Small is former employee of Loot Crate, Inc. and was a participant in Loot Crate, Inc.'s health plan.

27.    Plaintiff's employment was terminated on August 9, 2019. Importantly, she was not terminated for gross misconduct.

28.    Following this qualifying event, Defendant mailed Plaintiff the deficient COBRA enrollment notice dated August 26, 2019, which *inter alia*, failed to provide the premium amounts for Plaintiff's dependents.

29.    As such, Plaintiff paid the full amount as indicated on the enrollment notice, but Defendant did not issue COBRA coverage for Plaintiff and her dependents.

30.    Defendant learned that she did not have COBRA coverage months later, when doctor bills indicated such, and called COBRA immediately to understand the issue.

31.    Defendant attempted to send a subsequent notice, four months later, dated December 5, 2019, attempting to cure the missing and inaccurate information on the previous COBRA enrollment notice and effectively advising Defendant that she now owes $4,049.26 in addition to the amount she had already paid to Defendant for coverage.

32.    At that point, Defendant had already relied, to her detriment, on the premium prices provided in the first COBRA enrollment notice and could not now afford to pay this significantly higher amount.

33.    Moreover, Defendant cannot cure its first form's deficiencies with a

"follow up" form. The applicable regulation mandates use of a single "notice" rather than the dual "notices". *See* 29 C.F.R. § 2590.606-4(b)(4)(1) ("The administrator shall furnish to each qualified beneficiary, not later than 14 days after receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.)

34.    The deficient COBRA notice that Plaintiff received was violative of COBRA's mandates for the reasons set forth above.

35.    Defendant has in place no administrative remedies Plaintiff were required to exhaust prior to bringing suit.

36.    Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

### *Violation of 29 C.F.R. 29 C.F.R. § 2590.606-4(b)(4)(xi)*
### *Failure to provide premiums for each qualified beneficiary*

37.    The governing statute clearly requires that "[t]he notice … shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:…(xi) [a] description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage." 29 C.F.R. § 2590.606-4(b)(4)(xi).

38.    Instead, Defendant's COBRA enrollment notice lists a monthly premium amount of $607.13, an amount Plaintiff paid for continuation coverage,

but which failed to include coverage for Plaintiff's dependents.

39.     In short, Defendant failed to include the premium amount for the dependents.

40.     Plaintiff, understandably confused by this Notice, paid the premium according to the Notice, and made financial decisions based on the amount she was instructed to pay for continuation coverage for her and her family.

41.     To Plaintiff's detriment, after incurring medical bills, Defendant advised, four months later, that the actual monthly premium was significantly higher and that she owed back payments for approximately $4,049.26 more than she already paid.

42.     Plaintiff, unable to afford this sudden and significant expense, lost coverage for her and her family.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> All participants and beneficiaries in the Loot Crate, Inc.'s Health Plan who were sent a COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage.

44.    No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

45.    Numerosity: The Class is so numerous that joinder of all Class members is impracticable. On information and belief hundreds of individuals satisfy the definition of the Class.

46.    Typicality: Plaintiff's claims are typical of the Class. The COBRA notice that Defendant sent to Plaintiff was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiff received were typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

47.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

48.    Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.    Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

b.    Whether Defendant's COBRA notice complied with the

requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

c.    Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

d.    The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

e.    Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

49.    Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

50.    Plaintiff intends to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records.

## CLASS CLAIM I FOR RELIEF

### *Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

51.  The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

52.  Defendant is the plan administrator of the Plan and was subject to the continuation of coverage notice requirements of COBRA.

53.  Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

54.  On account of such qualifying event, Defendant sent Plaintiff and the Class Members a COBRA notice.

55.  The COBRA notice that Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

56.  These violations were material and willful.

57.  Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

### **PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiff, individually and on behalf of the Class, pray for relief as follows:

   a.   Designating Plaintiff's counsel as counsel for the Class;

   b.   Issuing proper notice to the Class at Defendant's expense;

   c.   Declaring that the COBRA notice sent by Defendant to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

   d.   Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

   e.   Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

   f.   Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

   g.   Granting such other and further relief, in law or equity, as this Court deems appropriate.

   h.   Designating Plaintiff's counsel as counsel for the Class;

   i.   Issuing proper notice to the Class at Defendant's expense;

j.      Declaring that the COBRA notice sent by Defendant to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

k.      Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

l.      Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

m.      Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

n.      Granting such other and further relief, in law or equity, as this Court deems appropriate.

//

//

//

//

//

//

1

## **<u>JURY DEMAND</u>**

2

Plaintiff hereby demand a trial by jury.

3

4

Dated: March 10, 2020                Respectfully submitted,

5

6

7                                    By:    _____/s/_____

8                                           William Litvak (CA State Bar No. 90533)
                                            **DAPEER ROSENBLIT LITVAK, LLP**
9                                           11500 W. Olympic Blvd., Ste. 550
                                            Los Angeles, California 90064
10                                          T: (310) 477-5575
                                            F: (310) 477-7090
11                                          E: wlitvak@drllaw.com

12                                          Garrett O. Berg, Esq. (*pro hac vice*
13                                          *forthcoming*)
                                            FL State Bar No. 1000427
14                                          **SHAMIS & GENTILE, P.A.**
                                            14 NE 1st Ave., Ste. 1205
15                                          Miami, Florida 33132
                                            T: (305) 479-2299
16                                          E: gberg@shamisgentile.com

17                                          Gary M. Klinger (*pro hac vice forthcoming*)
18                                          **KOZONIS & KLINGER, LTD.**
                                            227 W. Monroe St., Ste. 2100
19                                          Chicago, IL 60606
                                            T: (312) 283-3814
20                                          E: gklinger@kozonislaw.com

21                                          *Counsel for Plaintiff and the Proposed Class*

22

23

24

25

26

27

28